**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RACHEL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YOSEMITE FALLS CAFÉ, INC.; MMPF, LLC,<br><br>　　　　Defendants. | 1:17-cv-01455-LJO<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEEFENDANT'S MOTION TO DISMISS**<br><br>ECF No. 7 |

## I. INTRODUCTION

Plaintiff Rachel Bryant ("Plaintiff" or "Bryant") brings this action against Defendants Yosemite Falls Cafe, Inc. ("Defendant") and MMPF, LLC (collectively, "Defendants"). Plaintiff alleges that she faced discrimination on the basis of her disability while attempting to patronize Defendant's establishment, the Yosemite Falls Cafe.

Plaintiff brings a federal cause of action pursuant to the Americans with Disabilities Act ("ADA"), as well as state law claims for violations of the Unruh Act and denial of full and equal access to public facilities in violation of California Health and Safety Codes §§ 19955(a), 19959 and/or California Government Code § 4450. Now before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the claims are moot and therefore that the Court lacks subject matter jurisdiction over the case. This matter is suitable for disposition without

oral argument. *See* Local Rule 230(g).

## II. BACKGROUND

Plaintiff is a physically disabled person as defined by federal and California law. (Complaint ("Compl.") ¶ 8.) On August 12, 2017, she visited the Yosemite Falls Cafe ('the Cafe"), a restaurant located in Fresno, California, and owned and operated by Defendant. (*Id.* ¶ 7.) Plaintiff alleges that during her visit, she encountered a number of barriers that interfered with her ability to use and enjoy the goods, services, privileges, and accommodations offered at the Cafe. (*Id.* ¶ 10.)

Specifically, Plaintiff alleges the following:

> a) Plaintiff wanted to sit at the outdoor dining patio, but all of the tables were too high for her to sit at comfortably. Accordingly, she could not dine outside.
> b) The entrance door to the Facility was heavy and difficult for Plaintiff to open.
> c) Plaintiff could not find any tables inside of the Facility that had enough space beneath the table to accommodate her wheelchair. Plaintiff was seated a booth where she had to transfer from her wheelchair to the bench of the booth, which was difficult and uncomfortable to do.
> d) The aisles between the tables and chairs inside of the restaurant were narrow, and Plaintiff had difficulty maneuvering between them in her wheelchair.
> e) While at the Facility Plaintiff had to use the restroom. The baby changing table in the women's restroom was located in front of the door of the accessible stall, and obstructed the clear space in front of the door. Plaintiff had difficulty approaching to enter the stall as a result.
> f) The toilet seat cover dispenser was located above and behind the toilet in the women's restroom. Plaintiff had difficulty reaching up to it, as she had to strain herself to do so.
> g) There was a small trash can in the accessible stall in the women's restroom, which was operated by a foot pedal. Plaintiff could not use it.

(Compl. ¶ 10.)

Plaintiff filed suit in this Court on October 27, 2017. On December 8, 2017, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction, arguing that Plaintiff's claims are moot. In support of its argument, Defendant asks the Court to take judicial notice of a letter from a Certified Access Specialist ("CASp"), Kelly Bray. (ECF Nos. 7-1, 7-2.) In the letter, Mr. Bray offers his opinion that the Cafe is in compliance with all applicable access requirements under federal and state law. (ECF

2

No. 7-2.) Plaintiff opposed the motion. (ECF No. 9.) Defendant filed a reply. (ECF No. 10.) Venue is proper in this Court.

### III. <u>**STANDARD OF DECISION**</u>

A motion to dismiss for lack of subject matter jurisdiction determines whether the plaintiff has a right to be in federal court, whereas a motion to dismiss for failure to state a claim questions whether a cognizable legal claim has been stated. *Tr. of Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 775 (9th Cir. 2009) (quoting 5B Wright & Miller, Federal Practice and Procedure § 1350 (3d ed. 2004)). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (internal citations omitted); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890-892 (3rd Cir. 1977); *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130-1131 (2nd Cir. 1976)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *McCarthy*

| | |
|---|---|
| 1 | *v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). A proper speaking motion allows the court to |
| 2 | consider evidence outside the complaint without converting the motion into a summary judgment |
| 3 | motion. *See Safe Air*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss |
| 4 | into a factual motion by presenting affidavits or other evidence properly brought before the court, the |
| 5 | party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of |
| 6 | establishing subject matter jurisdiction." *Savage,* 343 F.3d at 1039-40, n.2. In a speaking motion, "[t]he |
| 7 | court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. Few |
| 8 | procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations. *St. Clair v.* |
| 9 | *City of Chico*, 880 F.2d 199, 200-02 (9th Cir. 1989). |

The court may permit discovery before allowing the plaintiff to demonstrate the requisite jurisdictional facts. *Id.* A court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are separable from the merits. *Rosales v. United States*, 824 F.2d 799, 802-803 (9th Cir. 1987). However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the court should dismiss for lack of jurisdiction only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, the intertwined facts must be resolved by the trier of fact. *Id.*

## IV. DISCUSSION

Plaintiff identifies several physical and construction-related barriers to access at the Cafe that she alleges violated the ADA and California law. (*See* Compl. ¶ 10.) Defendant argues that Plaintiff's claim for injunctive relief is moot and the Court lacks subject matter jurisdiction over the case. Defendant filed an unsworn letter signed by Kelly Bray, an individual purporting to be a CASp, to support its contention that Plaintiff's ADA claims regarding physical or construction-related barriers are moot. (ECF No. 7-2.) Mr. Bray states, on the basis of his personal inspection of the property, that the Cafe meets the accessibility standards under the ADA and California law. (*Id.*)

A disabled individual is entitled to a private right of action under the ADA for injunctive relief for removal of noncompliant architectural barriers to make a facility "readily accessible." 42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(a)-(b). A private litigant is limited to injunctive relief and in other words, "is not entitled to recover compensatory or punitive damages on such claim." *Dodson v. Joseph Esperanca, Jr., LLC*, No. 2:12-cv-02132-TLN-EFB, 2013 WL 6328274, at *2 (E.D. Cal. Dec. 4, 2013).

This limitation on available remedies in the ADA means that if a defendant voluntarily removes the alleged barriers, a plaintiff's ADA claim may be mooted. *Gray v. Cty. of Kern*, No. 1:14-CV-00204-LJO-JLT, 2015 WL 7352302 (E.D. Cal. Nov. 19, 2015); *see also Johnson v. Cal. Welding Supply, Inc.*, 2011 WL 5118599, at *3 (E.D. Cal. Oct. 27, 2011) ("Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims") (citing *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005)).

If a court determines that a case is moot, the court no longer has jurisdiction over the controversy. U.S. Const. art. III, § 2 (limiting jurisdiction of federal courts to actions where there exists an actual case or controversy); *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies") (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72-73 (1983)). A defendant's "[v]oluntary cessation of challenged conduct moots a case, however, only if it is '*absolutely* clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (emphasis in original) (internal citations omitted).

As noted, the Court can consider extrinsic evidence in connection with a Rule 12(b)(1) motion. *Safe Air*, 373 F.3d at 1039; *see also Jinkins v. Props.*, No. 8:15-CV-00670-ODW-SS, 2016 WL 3344374, at *1-2 (C.D. Cal. June 8, 2016) (dismissing complaint pursuant to Rule 12(b)(1) where expert declaration supported defendants contention that plaintiffs' ADA claim was mooted by subsequent modifications to the property). However, Plaintiff argues that the letter offered by Defendant should not

5

be considered by the Court because it lacks foundation and impermissibly draws legal conclusions. The Court agrees.

Here, Defendant offers only an unsworn letter from an individual purporting to be an expert in accessibility. The letter offers no information that would allow the Court to deem Mr. Bray an expert under Federal Rule of Evidence 702. Without any foundation establishing Mr. Bray as an expert on accessibility, the letter is inadmissible hearsay. *Capobianco v. City of N.Y.*, 422 F.3d 47, 55 (2d Cir. 2005) (holding that unsworn letters from an expert are inadmissible hearsay). Therefore, the Court will not consider Mr. Bray's letter in support of Defendant's motion. *See Savage*, 343 F.3d at 1039-1040 n.2 (the court may consider "affidavits or other evidence *properly brought before the court*" in support of a motion to dismiss under Rule 12(b)(1)) (emphasis added).

Moreover, even if the Court were to consider the letter, the letter itself does not indicate that the case has been mooted by any remedial measures taken by Defendant, or any other changes to the facility subsequent to the filing of the Complaint. *See Grove*, 407 F. Supp. 2d at 1130 ("part or all of a case may become moot if (1) '*subsequent events* [have] made it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expected to recur,'. . .and (2) "*interim relief or events* have completely and irrevocably eradicated the effects of the alleged violation.") (emphasis added) (internal citations omitted). Nor does the letter contradict the specific allegations regarding accessibility issues set forth in the Complaint. Rather, the letter draws the conclusion that Defendant is in compliance with all applicable accessibility requirements without addressing any of the specific contentions in the Complaint. Mr. Bray's barebones conclusion that Defendant is in compliance with applicable accessibility laws and regulations as a matter of law is an inappropriate subject for expert testimony, and may not be relied on by the Court. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law.") (emphasis in original); *see also Johnson v. Tackett*, No. 2:16-CV-02414-KJM-DB, 2017 WL 2881104, at *4 (E.D. Cal. July 6, 2017) ("because this expert opinion resolves an

'ultimate issue' of liability, the court may not rely on it"). Therefore, even a sworn statement by Mr. Bray setting forth his expert qualifications and drawing the same conclusion without any additional explanation would be insufficient to demonstrate that the case is moot and the Court lacks subject matter jurisdiction.

District courts have dismissed ADA claims where the alleged violations have been remedied after the initial filing, and defendants have provided uncontroverted documentation of those changes in support of their speaking motion. *See McCarthy v. Luong*, No. 1:16-CV-01172-LJO-BAM, 2016 WL 6834095, at *5 (E.D. Cal. Nov. 21, 2016) (dismissing claim as moot where defendant submitted uncontroverted sworn declaration from an accessibility expert attesting to how each of the barriers described in the complaint had been remedied); *Norkunas v. Tar Heel Capital Wendy's LLC*, No. 5:09-cv-00116, 2011 WL 2940722, at *3 (W.D.N.C. July 19, 2009) ("[f]ederal courts have dismissed ADA claims as moot when the alleged violations have been remedied after the initial filing of a suit seeking injunctive relief"); *Grove*, 407 F. Supp. 2d at 1130-31 (holding that the installation of grab rails by a restaurant rendered moot plaintiff's ADA complaint requesting installation of such rails); *Nat'l Alliance for Accessability, Inc. v. Walgreen Co.*, No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809, at *3 (M.D. Fla. Nov. 28, 2011) (structural changes to facility mooted plaintiffs' ADA claims). Defendant does not provide uncontroverted documentation that changes made after the filing of the lawsuit moot this case. Rather, Defendant merely contends that the Cafe is in compliance. Defendant cannot assert that this case is moot on the basis of an unsworn blanket denial of the factual allegations in the Complaint. *See Johnson v. Conrad*, No. 2:14-CV-00596-MCE, 2014 WL 6670054, at *4 (E.D. Cal. Nov. 24, 2014) (claim was not moot where defendant offered only conclusions from lay witnesses indicating that defendant was in compliance with ADA regulations). Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED WITHOUT PREJUDICE.

7

# V. CONCLUSION AND ORDER

For the reasons stated above, Defendant Yosemite Falls Cafe Inc.'s motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Criminal Procedure 12(b)(1) (ECF No. 7) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **January 11, 2018**        **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE