# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RACHEL BRYANT,** | 1:17-cv-01455-LJO-BAM |
| **Plaintiff,** | **DECISION AND ORDER DISMISSING CASE** |
| v. | |
| **YOSEMITE FALLS CAFE, INC. and MMPF, LLC,** | |
| **Defendants.** | |

This case involves a civil rights action filed by deceased Plaintiff Rachel Bryant under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-89, the State of California's Unruh Act, Cal. Civ. Code §51, and various provisions of the California Health and Safety Code. ECF No. 1 at ¶¶ 16-46. During the pendency of the case, Ms. Bryant passed away. ECF No. 21. On June 14, 2018, Plaintiff's counsel filed a motion to substitute Kristina Palacios, Ms. Bryant's daughter, in this matter as successor-in-interest. ECF No. 22. Plaintiff's counsel concedes that Ms. Bryant's ADA claim was extinguished upon her death, but argues that her Unruh Act claim survives. ECF No. 22-1 at 2-3.

The Court had federal question jurisdiction in this matter based solely on Ms. Bryant's ADA claim, and there is no allegation that the requirements for diversity jurisdiction are met. *See* ECF No. 1 at ¶¶ 3-5. The Court's jurisdiction over the state law claims in this case is solely supplemental. *See* 28 U.S.C. § 1367(a). "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court . . . ."). This is not an unusual case. The Court accordingly declines to exercise supplemental jurisdiction over Plaintiff's state law claims. No basis for federal jurisdiction remains, and this case therefore is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: **June 15, 2018**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE